UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

SHAMARCUS LEE JOHNSON,

    Plaintiff,

v.                                                  CAUSE NO. 1:22-CV-368-DRL-SLC

NUNLEY,

    Defendant.

OPINION AND ORDER

Shamarcus Lee Johnson, a prisoner without a lawyer, filed a complaint alleging Officer Nunley ridiculed him at the Allen County Jail where he was serving his sentence after being convicted. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Johnson alleges Officer Nunley mocked his speech impediment by saying "I hate Shamarcus' laugh … try[ing] to make the sounds … and [saying] shut the F*** up Shamarcus you are annoying." ECF 1 at 2. Mr. Johnson says this caused him depression and emotional suffering because similar bullying happened to him as a child in special education classes. Belittling people because of the way they talk is unprofessional and

understandably painful. Society rightly expects better of its correctional officers. However, "most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment." *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015).

In *Beal v. Foster*, 803 F.3d 356 (7th Cir. 2015), the court suggested it would violate the Eighth Amendment for a guard to torment an inmate by describing the symptoms he would suffer while dying of brain cancer over the next three months even though the inmate did not have a terminal illness. It suggested the same if the guard told an inmate his wife and children had been killed in a car crash when they had not.

> In *Beal v. Foster*, [803 F.3d 356 (7th Cir. 2015),] a male inmate brought an Eighth Amendment claim against a male officer who he claimed made sexual innuendos about him in front of other inmates. [The court found t]he guard's statements and behavior could have been understood by other inmates as implying Beal was homosexual. Beal feared an increased risk of sexual assaults by other inmates, and [the guard's behavior] could have inflicted significant psychological harm on him in violation of the Eighth Amendment.

*Lisle v. Welborn*, 933 F.3d 705, 718 (7th Cir. 2019) (citations and quotation marks omitted).

In *Leslie*, the court held it was an Eighth Amendment violation for a nurse to encourage a suicidal inmate having a mental health crisis to take his life. "As his nurse on suicide watch, she was uniquely situated to aggravate Lisle's condition by using her specialized knowledge to target his psychological vulnerabilities, causing him psychological pain." *Lisle*, 933 F.3d at 718. However, "[r]epugnant words . . . will seldom rise to an Eighth Amendment violation [because r]elationships between prisoners and prison staff are not always marked by genteel language and good manners." *Id*. at 719.

In *Dobbey v. Illinois Department of Corrections*, 574 F.3d 443 (7th Cir. 2009), the court explained harassment must be extreme to violate the Eighth Amendment. In that case, a black prisoner alleged a correctional officer harassed him by placing a noose where he could see it and "crossed his arms looking crazy with evil eyes." *Id.* at 444. The court explained:

> Any harassment of a prisoner increases his punishment in a practical sense, if we equate punishment to the infliction of disutility (and why not?). But harassment, while regrettable, is not what comes to mind when one thinks of "cruel and unusual" punishment. Nor does it inflict injury comparable in gravity to failing to provide a prisoner with adequate medical care or with reasonable protection against the violence of other prisoners. The line between "mere" harassment and "cruel and unusual punishment" is fuzzy, but we think the incident with the noose and the "evil eyes" falls on the harassment side of the line because it was not a credible threat to kill, or to inflict any other physical injury. The case falls well short of *Burton v. Livingston*, 791 F.2d 97, 100-01 (8th Cir.1986), where a prisoner alleged that a guard pointed a gun at him, cocked it, called him "nigger," and repeatedly threatened to shoot him, or *Irving v. Dormire*, *supra*, 519 F.3d at 449-50, where a prisoner alleged that a guard had threatened to kill him, repeatedly offered a bounty to any prisoner who would assault him, and gave a prisoner a razor blade with which to assault him. *See also Northington v. Jackson*, *supra*, 973 F.2d at 1524.

*Id.* at 446.

Here, Officer Nunley's alleged behavior is regrettable, but was not a credible physical threat. The facts alleged in this complaint do not rise to the level of those in *Beal* and *Leslie*. This complaint does not state a claim for which relief can be granted. However, "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). If Mr. Johnson believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an

amended complaint on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He is reminded to write this cause number on the amended complaint if he files one.

For these reasons, the court:

(1) GRANTS Shamarcus Lee Johnson until **November 23, 2022**, to file an amended complaint; and

(2) CAUTIONS Shamarcus Lee Johnson if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

October 28, 2022                            *s/ Damon R. Leichty*
                                                             Judge, United States District Court