UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

SHAMARCUS LEE JOHNSON,

    Plaintiff,

  v.                            CAUSE NO. 1:22-CV-368-DRL-SLC

NUNLEY,

    Defendant.

OPINION AND ORDER

Shamarcus Lee Johnson, a prisoner without a lawyer, filed a complaint which did not state a claim. ECF 1. He was granted leave to file an amended complaint if he "believe[d] he c[ould] state a claim based on (and consistent with) the events described in th[e original] complaint." ECF 5 at 3. He has now filed an amended complaint. ECF 7. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Johnson repeats his allegations that Officer Nunley ridiculed him, mocked his speech impediment, said he hated his laughter, and profanely told him to shut up. As explained in the prior order: "Belittling people because of the way they talk is

unprofessional and understandably painful. Society rightly expects better of its correctional officers. However, 'most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment.' *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015)." ECF 5 at 1-2. As more fully explained in the prior screening order, those allegations do not state a claim.

Mr. Johnson argues Officer Nunley negligently violated the Eighth Amendment. It is unclear how what appear to be intentional acts could be considered negligent. As previously explained, even if intentionally done, these alleged statements by Officer Nunley do not state a claim. Labeling them negligent does not help because "[n]egligence on the part of an official does not violate the Constitution," *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004), and it isn't enough to show that a defendant merely failed to act reasonably, *Gibbs v. Franklin*, 49 F.3d 1206, 1208 (7th Cir. 1995). Even incompetence does not state a claim of deliberate indifference. *Walker v. Peters*, 233 F.3d 494 (7th Cir. 2000).

Mr. Johnson alleges Officer Nunley's comments violate the Americans with Disabilities Act (ADA), but ADA claims cannot be brought against an individual. *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 670 (7th Cir. 2012). Nor would these allegations state a claim against the Allen County Sheriff's Department. To state a claim under the ADA, a plaintiff must allege he is a qualified individual with a disability, and that he was denied access to a service, program or activity because of his disability. *Shuhaiber v. Ill. Dep't of Corr.*, 980 F.3d 1167, 1170 (7th Cir. 2020). Here, there is no allegation that Mr. Johnson was denied access to a service, program, or activity – only that he was mocked by jail guard. Officer Nunley's alleged behavior is regrettable, but did not create a physical threat or

violate the ADA. The amended complaint does not state a claim and this case must be dismissed.

Mr. Johnson filed an *in forma pauperis* motion. ECF 6. This motion is moot because he has already been granted leave to proceed *in forma pauperis*. ECF 2. He filed another letter asking the court to waive the filing fee. ECF 8. As previously explained, "[p]ursuant to 28 U.S.C. § 1915(b)(1), "if a prisoner brings a civil action . . . the prisoner shall be required to pay the full amount of a filing fee . . .." Mr. Johnson was a prisoner when he filed this civil action, and he must pay the filing fee even if he dismisses this case." ECF 4. Finally, he asks for a lawyer. ECF 8. The amended complaint does not state a claim for relief. There is no basis for asking a lawyer to volunteer to take a case that does not state a claim.

For these reasons, the court:

(1) DISMISSES this case under 28 U.S.C. § 1915A because it does not state a claim;

(2) DENIES AS MOOT the in forma pauperis motion (ECF 6);

(3) DENIES any relief requested in the letter (ECF 8); and

(4) DIRECTS the clerk to enter judgment and close this case.

SO ORDERED.

November 8, 2022                    *s/ Damon R. Leichty*
                                     Judge, United States District Court